NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

CAMDEN VICINAGE

_____
:
HAGSTOTZ, *et al.*,                             :
:
       Plaintiffs,               :
:
   v.                                         :    Civil No. 17-2491 (RBK/AMD)
:
NATIONWIDE MUTUAL INSURANCE     :    **OPINION**
COMPANY,                                            :
:
       Defendant.                :
_____

**KUGLER**, United States District Judge:

This matter comes before the Court on Defendant's motion for summary judgment (Doc. No. 18), arguing that Plaintiffs' proof of loss statement under the National Flood Insurance Act fails to satisfy the Standard Flood Insurance Policy's ("SFIP") "signed and sworn" requirement. For the reasons set forth in the opinion below, the Court hereby **GRANTS** the Defendant's motion.

    **I.**    **BACKGROUND**

This is a case about flood insurance and policy requirements. The threshold issue is whether Plaintiffs' proof of loss statement complies with the SFIP's regulatory guidelines. In particular, we focus on Section VII(J)(4) of the SFIP, which requires the proof of loss statement to be "signed and sworn." Before detailing the background of this case, we highlight three facts about the proof of loss at issue. First, Plaintiffs' insurance adjuster, not FEMA, provided the

proof of loss. Second, while signed by the Plaintiffs, the submitted document was not dated. Third, even though the document was entitled "Sworn Statement in Proof of Loss," the proof of loss at issue contained no clause acknowledging the penalty of perjury.

❖

A strong winter nor'easter named Storm Jonas struck the coast of southern New Jersey on January 23, 2016. Summary Judgment Motion ("Defendant's Motion") [Doc. No. 18-2] at 7. This storm brought high winds, blizzard conditions, and severe flooding. *Id.* Like many others, William and Renee Hagstotz (collectively, "Plaintiffs") felt the brunt of Jonas when their waterfront property in Wildwood, New Jersey experienced severe flooding and other damage. *Id.* They subsequently filed two proof of loss claims to recover damages under the National Flood Insurance Program ("NFIP"). [Doc. Nos. 18-14, 18-17]. The two claims have important differences.

Plaintiffs submitted their first claim to Defendant Nationwide Mutual Insurance Company ("Nationwide") on March 2, 2016. Plaintiffs' First Proof of Loss Statement ("Proof of Loss 1") [Doc. No. 18-4]. This document, entitled "Proof of Loss," was a completed form provided by the Federal Emergency Management Agency ("FEMA") and sought damages in the amount of $2,029.84. *Id.* Both Plaintiffs signed and dated the document, which stated, "I declare under penalty of perjury that the information contained in the foregoing is true and correct to the best of my knowledge and belief." *Id.* Shortly thereafter, Nationwide issued a check to the Plaintiffs in the amount of $2,029.84 for covered building damages. Wm. Hagstotz Dep. ("Hagstotz Dep.") [Doc. No. 18-8] at 60.

On March 17, 2016, FEMA issued a limited waiver of the traditional sixty (60) day period for submitting a Proof of Loss and extended the period of time to submit a signed and

sworn Proof of Loss concerning claims related to Winter Storm Jonas by thirty (30) days. FEMA Bulletin W-16015 ("FEMA Bulletin") [Doc. No. 18-16]. The Bulletin explained that policyholders had a total of ninety (90) days from the date of loss "to provide a completed, signed, and sworn-to proof of loss to the insurer." *Id.*

Sometime thereafter, but within the ninety-day window, Plaintiffs submitted a second claim to Nationwide seeking an additional payment in the amount of $248,750.00 for damages sustained to the first floor of the Insured Property. Plaintiffs' Second Proof of Loss Statement ("Proof of Loss 2") [Doc. No. 18-16]. This form differed from the first claim in two important ways. First, this form was provided by Public Adjusters Associates. *Id.* Second, while both Plaintiffs signed this document, it was not dated and lacked any declaration acknowledging a "penalty of perjury." *Id.* Nationwide denied Plaintiffs' claim because it was both unsworn and not dated. Denial Letter, Apr. 12, 2016.

Plaintiffs filed a complaint with the Court on April 11, 2017. *See* Plaintiffs' Compl. The Complaint alleges that Nationwide breached its contractual obligation by failing "to pay the full amount of benefits to Plaintiffs for a loss covered under [the] policy." Plaintiffs' Compl. ¶ 8. After a period of discovery, Nationwide filed this Motion for Summary Judgment. Defendant's Motion. First, Nationwide argues that Plaintiffs' claims are barred because they failed to properly submit a signed and sworn Proof of Loss. *Id.* Second, Nationwide argues that, even if Plaintiffs' claims are not barred, any damages Plaintiffs can recover are significantly restricted by the policy's terms. *Id.* In their response to Nationwide's motion, Plaintiffs argue that Proof of Loss 2 was signed and sworn and therefore complies with the SFIP requirements. Plaintiffs' Response. Plaintiffs also argue that the damages claimed are explicitly covered by the SFIP. *Id.*

II. **LAW**

A. **Summary Judgment Standard**

The Court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First Nat'l Bank of Az. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in its favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The non-moving party must at least put forth probative evidence from which the jury might return a verdict in his favor. *Id.* at 257. Where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," the movant is entitled to summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

B. **Law Governing the Standard Flood Insurance Policy**

The National Flood Insurance Act of 1968, 42 U.S.C. §§ 4001–4129, established the National Flood Insurance Program ("NFIP"). This program, underwritten by the United States Treasury, sought to provide flood insurance below actuarial rates. 42 U.S.C. § 4017 (2003); *see also Van Holt v. Liberty Mutual*, 163 F.3d 161, 164 n.2 (3d Cir. 1998). As such, insureds may obtain a Standard Flood Insurance Policy ("SFIP") subject to certain conditions and requirements.

The SFIP is a creature of statute, codified at 44 C.F.R. pt. 61, app. A (2009). All disputes arising out of the handling of any claim under a SFIP are governed by the National Flood Insurance Act of 1968, 42 U.S.C. § 4001 *et seq.*, the regulations promulgated thereunder by the Federal Emergency Management Agency ("FEMA"), and the federal common law. 44 C.F.R. pt. 61, app. A(1), art. IX; *Suopys v. Omaha Prop. & Cas.*, 404 F.3d 805, 807 (3d Cir. 2005). FEMA authorizes private companies, known as "Write Your Own" ("WYO") Companies, to issue SFIPs and adjust SFIP claims. 44 C.F.R. §§ 61.13(f), 62.23; 42 U.S.C. § 4071(a)(1) (2003). WYO Companies must handle SFIP claims by applying internal company standards in light of FEMA guidance. *Suopys*, 404 F.3d at 807 (citing 44 C.F.R. § 62.23(i)(1) (2003)).

In order to qualify for benefits under the SFIP, an insured must comply with all of the SFIP's terms and conditions. 44 C.F.R. pt. 61, app. A(1), art. I. An insured must also perfect its obligations under the SFIP as a prerequisite to bringing an action against a WYO Company to contest a denial of coverage. 44 C.F.R. pt. 61, app. A(1), art. VII(R). The Third Circuit strictly construes a claimant's obligation to comply with SFIP provisions because any claim paid is a direct charge to the United States Treasury. *Suopys*, 404 F.3d at 809. This strict view is shared

by circuits around the country.[1] *See also Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384–85 (1947) (holding that insured must strictly comply with all terms and conditions of federal insurance policy and recognizing duty of courts to observe conditions defined by Congress for charging the public treasury).

The SFIP requires an insured to submit a proof of loss to its WYO within sixty days of the alleged date of loss. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J); *Suopys*, 404 F.3d at 810. A proof of loss statement must be signed and sworn by the insured and must contain various pieces of information such as a short explanation of how the loss occurred, specifications of buildings damaged, detailed estimates of repairs required, and an inventory of damaged property. 44 C.F.R. Pt. 61, App. A(1), Art. VII(J). "[E]xacting compliance with the terms of a federal insurance program is a prerequisite to recovery of insurance proceeds from public coffers." *Admiralty Condominium Ass'n, Inc. v. Director, FEMA*, 594 F. App'x 738, 741 (3d Cir. 2014). Consequently, an insured's failure to comply with the proof of loss provision bars recovery on an otherwise valid claim. *Suopys*, 404 F.3d at 810. A properly filed claim will not cure a subsequent claim that is deficient. *See Ferraro v. Liberty Mut. Fire Ins. Co.*, 796 F.3d 529, 534 (5th Cir. 2015).

### III. DISCUSSION

This central issue is how to interpret Plaintiffs' Standard Flood Insurance Policy. Article VII(J) of the SFIP provides certain requirements in case of loss. In particular, VII(J)(4) states,

---

[1] *See Dawkins v. Witt*, 318 F.3d 606 (4th Cir. 2003); *Mancini v. Redland Ins. Co.*, 248 F.3d 729 (8th Cir. 2001); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386 (9th Cir. 2000); *Gowland v. Aetna*, 143 F.3d 951 (5th Cir.1998); *Phelps v. Fed. Emergency Mgmt. Agency*, 785 F.2d 13 (1st Cir. 1986); *but see Meister Bros., Inc. v. Macy*, 674 F.2d 1174 (7th Cir. 1982).

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy **signed and sworn to by you** . . .

*Id.* (emphasis added).[2] Defendant argues that Plaintiffs failed to comply with this provision and therefore are not entitled to recover. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII(R) ("You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy."). Meanwhile, Plaintiffs argue that the regulation does not define "signed and sworn" and therefore should be interpreted in their favor.

While the term "sworn" is not defined by the SFIP or the FEMA Flood Insurance Manual, courts throughout the country "have interpreted it to require notarization or something beyond just a signature." *See*, *e.g.*, *Uddoh*, 2014 U.S. Dist. LEXIS 178249, at *14 (collecting cases). The standard FEMA proof of loss form includes the sentence, "I declare under penalty of perjury that the information contained in the foregoing is true and correct to the best of my knowledge and belief." Proof of Loss FEMA form 086-0-9 (April 2014). The FEMA form does not provide for notarization. *Id*. Rather, the declaration appears over the signature line and constitutes "sworn" for FEMA's purposes. *Id.* This Court previously found that an unsigned

---

[2] Art. VII(J)(4)(a)–(i) states that the Proof of Loss must include the following:
  a. The date and time of loss;
  b. A brief explanation of how the loss happened;
  c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
  d. Details of any other insurance that may cover the loss;
  e. Changes in title or occupancy of the covered property during the term of the policy;
  f. Specifications of damaged buildings and detailed repair estimates;
  g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
  h. Details about who occupied any insured building at the time of loss and for what purpose; and
  i. The inventory of damaged personal property described in J.3. above.

proof of loss bearing a title stating it is "sworn" fails to satisfy the SFIP's requirements, even though the WYO Company did not challenge its description as "sworn." *Knutson v. Selective Ins. Co.*, No. 16-306, 2017 U.S. Dist. LEXIS 29322, at *7 (D.N.J. Mar. 1, 2017).

28 U.S.C. § 1746 provides clear instructions to parties submitting sworn declarations pursuant to a federal regulation. That statute provides, in relevant part, that whenever, pursuant to any regulation,

> [A]ny matter is required or permitted to be supported . . . by sworn declaration, . . . certificate, statement, oath, or affidavit, . . . such matter may, with like force and effect, be supported . . . by the unsworn declaration, certificate, . . . or statement, . . . as true *under penalty of perjury*, <u>and</u> dated . . . .

28 U.S.C.A. § 1746 (West, Westlaw Current through P.L. 115-231) (emphasis added). Moreover, the statute requires that sworn statements must state, "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)." *Id.*

Federal courts adhere to a similar rule when considering evidence for summary judgment motions.[3] The failure to acknowledge the penalty of perjury as required by § 1746 prevents the Court from considering an unsworn affidavit's contents for purposes of summary judgment. *United States v. Branella*, 972 F. Supp. 294, 300 (D.N.J. 1997) (citing *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1305–06 (5th Cir. 1988)). In addition, one circuit held that, even if an unsworn affidavit is subscribed under penalty of perjury, § 1746 precludes it from being considered for purposes of summary judgment if it is undated. *Bonds v. Cox*, 20 F.3d 697, 702 (6th Cir. 1993).

---

[3] See F.R.C.P. 56(c)(4) "Affidavits or Declarations."

Here, Plaintiffs' supplemental proof of loss departs from these principles governing the interpretation of SFIP Claims. Put simply, Proof of Loss 2 falls short of an affirmative acknowledgment of perjury. This is even more obvious when we compare the failed claim with the successful one. First, the failed claim was provided by Plaintiffs' public adjuster, who entitled the document "Sworn Statement in Proof of Loss," provided for notarization, but did not include declaration "under penalty of perjury." Unlike the first claim, the second one was not on the standard FEMA proof of loss form. As such, the loss at issue crucially omitted the declaration language satisfying the "sworn" requirement of the SFIP. *See* Proof of Loss FEMA form 086-0-9; *see also* 28 U.S.C.A. § 1746 (providing declaration made "under penalty of perjury" satisfies regulatory sworn statement requirement). Instead, Plaintiffs signed the supplemental proof of loss, but neither dated it nor had it notarized. *See Bonds*, 20 F.3d at 702 (indicating § 1746 requires dated unsworn affidavit).

Because Plaintiffs' supplemental proof of loss is not sworn by virtue of being notarized, and it does not satisfy the unsworn declaration requirements of § 1746, it fails to contain "something beyond just a signature" satisfying the SFIP "signed and sworn" requirements. *See Uddoh*, 2014 U.S. Dist. LEXIS 178249, at *14. Plaintiffs failure to comply with the SFIP requirements precludes them from recovering for damages under the SFIP. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII(R) (requiring compliance with all policy requirements before insured may sue). Additionally, because the proof of loss is not sworn as required by the FEMA regulations, its claims for damages cannot be considered for the purposes of summary judgment. *See* 44 C.F.R. Pt. 61, App. A(1), Art. VII(J); *see also Branella*, 972 F. Supp. at 300.

**CONCLUSION**

For the reasons expressed in this Opinion, this Court **GRANTS** Defendant's motion for summary judgment.

Dated:   10/16/2018                                         s/ Robert B. Kugler

                                                            ROBERT B. KUGLER

                                                            United States District Judge